**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WALIEK BETTS,**

                              **Petitioner,**            **5:05-CV-1434**
  vs.                                                        **(NAM)**
                                                              **Related Criminal Action**
**UNITED STATES OF AMERICA,**               **03-CR-0243**

                                **Respondent.**
_____

APPEARANCES                                              OF COUNSEL:

Waliek Betts
15329-014
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
Petitioner, *Pro Se*

Office of the United States Attorney        John M. Katko, Esq.
P.O. Box 7198                                        Assistant U.S. Attorney
100 S. Clinton Street
Syracuse, NY 13261-7198
Attorney for Respondent

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I.    BACKGROUND**[1]

    The record reflects that on June 19, 2003, following a criminal investigation conducted by law enforcement agents which sought to curtail illegal drug sales in the Syracuse, New York area, petitioner *pro se* Waliek Betts and numerous other individuals were indicted by a federal grand jury sitting in the Northern District of New York. *See* 03-CR-0243, Dkt. No. 1. That accusatory

---

[1] The background information contained in this Memorandum-Decision and Order is derived from the documents filed in the present civil action, *Betts v. United States*, 5:05-CV-1434 ("05-CV-1434"), as well as the file of the related criminal matter, *United States v. Edwards et al.*, 5:03-CR-0243 (N.D.N.Y.) ("03-CR-0243").

body subsequently returned a Superceding Indictment against Betts and others. *See* 03-CR-0243, Dkt. No. 69 ("Superceding Indictment"). In that instrument, Betts was charged with conspiring to violate 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organization Act ("RICO"), through his membership in a criminal enterprise that involved himself and numerous other individuals. *See* Superceding Indictment, Count One. Betts was also charged in that indictment with possessing with intent to distribute and distributing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. Superceding Indictment, Count Two.

On March 3, 2004, following negotiations between Betts's retained counsel, Linda Stock, Esq. and United States Attorney John Katko ("AUSA Katko"), the parties filed a plea agreement with the Court in which Betts agreed to plead guilty to the first count in the Superceding Indictment, which charged him with violating 18 U.S.C. § 1962(d), in satisfaction of the charges brought against him in that accusatory instrument. *See* 03-CR-0243, Dkt. No. 286 (copy of Betts's plea agreement with Government) (hereinafter "Plea Agreement"). In that agreement, Betts also agreed to waive his right to appeal, or collaterally attack through a Motion to Vacate brought pursuant to 28 U.S.C. § 2255, his judgment of conviction as well as any sentence of imprisonment of 235 months or less. *See id.* at ¶ 11.

At the proceeding over which this Court presided wherein Betts formally entered his change of plea, he admitted that he had engaged in the conduct alleged in the first count of the Superceding Indictment. *See* Transcript of Change of Plea (3/3/04) (03-CR-0243, Dkt. No. 642) ("Plea Tr.") at pp. 6-7. AUSA Katko then discussed in detail the factual and legal bases for the charges brought against Betts (*see* Plea Tr. at pp. 12-14), who thereafter agreed with the accuracy of the prosecutor's statements regarding Betts's participation in the criminal enterprise. Plea Tr.

at p. 14.  An extensive colloquy was then placed on the record during which Betts: i) admitted that his attorney had discussed with him the Superceding Indictment; ii) acknowledged that he was freely pleading guilty freely to the RICO conspiracy charge; iii) was made aware of the evidence which the Government possessed against him that would be utilized by the prosecutor at trial; iv) admitted that he was responsible for between 150 and 500 grams of cocaine base, and 40 to 60 kilograms of marijuana, related to the conspiracy; and v) acknowledged that he was aware that if he was sentenced to a term of imprisonment of 235 months or less that he could not appeal or collaterally attack his sentence.  *See id.* at pp. 14-17.  This Court thereafter concluded that Betts was voluntarily pleading guilty to the charge, that he was competent to enter the plea, and that he understood the nature of the charge against him and the consequences of his guilty plea.  *Id.* at p. 20.  This Court therefore accepted Betts's guilty plea.  *Id.* at pp. 20-21.

On November 19, 2004, Betts appeared before this Court for sentencing.  *See* Transcript of Sentencing (11/19/04) (03-CR-0243, Dkt. No. 643) ("Sentencing Tr.").  At that proceeding, this Court noted that the total offense level applicable to Betts was 33 and that his criminal history category was level VI.  *Id.* at p. 7.  Consequently, the Court noted that he was subject to a range of imprisonment under the United States Sentencing Guidelines of between 235 and 293 months.  *Id.*  After concluding that Betts's criminal history score substantially overrepresented the seriousness of that history, this Court made a downward departure pursuant to United States Sentencing Guidelines § 4A1.3(b)(1), and ultimately sentenced Betts to a term of imprisonment of 210 months.  *Id.* at p. 8.  A judgment reflecting that sentence was thereafter entered by the

Clerk of the Court in the related criminal matter. 03-CR-0243, Dkt. No. 505.[2] Betts did not file any appeal relating to his conviction or sentence.

On November 16, 2005, Betts filed his Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. *See* 05-CV-1434, Dkt. No. 1 ("Motion to Vacate"). In his application, Betts asserts several different theories in support of his claim that his trial counsel rendered ineffective assistance. *See* Motion to Vacate, Grounds One through Four.

The Government filed a memorandum of law in opposition to Betts's Motion to Vacate on February 9, 2006. 05-CV-1434, Dkt. No. 7 ("Resp. Mem."). Petitioner thereafter filed a "Traverse" in further support of the present motion. 05-CV-1434, Dkt. No. 10 ("Traverse").

## II.   DISCUSSION

The Court initially considers Betts's claim that his attorney wrongfully failed to file a notice of appeal despite his timely request that he do so. Motion to Vacate, Ground Four.[3]

Respondent claims that Betts "provides no sworn statements to support this completely self-serving statement. Moreover, it is in contradiction with the plea agreement and the record at both the plea and sentencing hearings...." *See* Resp. Mem. at p. 19.

In *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), the Second Circuit specifically addressed the issue of whether an attorney may be found to have rendered ineffective assistance by failing to file a notice of appeal despite the fact that the defendant expressly waived his right to pursue an appeal through a plea agreement. In that case, the Second Circuit noted that

---

[2] That sentence was recently reduced by this Court to 168 months imprisonment due to a reduction in the guideline sentencing range adopted and made retroactive by the United States Sentencing Commission. *See* 03-CR-0243, Dkt. No. 767.

[3] Petitioner signed his Motion to Vacate under penalty of perjury before a notary. *See* Motion to Vacate at p. 7.

although waivers of appeal are generally enforceable, "important constitutional rights require some exceptions to the presumptive enforceability of a waiver." *Campusano*, 442 F.3d at 774 (citation omitted). Because the Second Circuit "take[s] very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal, even after a waiver appears to bar appeal," *Campusano*, 442 F.3d at 775 (citation omitted), the *Campusano* court determined that when a district court is confronted with a claim by a habeas petitioner that his trial attorney wrongfully failed to file a notice of appeal despite the petitioner's explicit instructions to pursue that course of conduct, "the district court is ... to determine whether [petitioner] in fact instructed his attorney to file an appeal. If [petitioner] did give such an instruction, he is to be allowed a direct appeal." *Campusano*, 442 F.3d at 777.[4]

Turning to the facts of the case *sub judice*, Betts plainly alleges, under oath, that his attorney failed to comply with his directive to file a notice of appeal. *See* Motion to Vacate, Ground Four. Respondent has not provided an affidavit from Betts's counsel or any other evidence that refutes this claim. Nor has it cited the *Campusano* case in its responsive papers or otherwise explained why that court's holding is not dispositive of the claim raised in Betts's fourth ground for relief.

In *Mena v. United States*, No. 04 CIV. 6523, 2004 WL 2734454 (S.D.N.Y. Nov. 30, 2004), the court was confronted with a § 2255 petition filed by a petitioner who claimed, *inter alia*, that his attorney wrongfully failed to file an appeal in the criminal case that related to the

---

[4] Where an attorney believes his client's appeal would be frivolous, he is typically required to file a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires counsel to submit an appellate brief to the appellate court and to the defendant in which counsel may request permission to withdraw as counsel but in which counsel also refers the appellate court to "anything in the record that might arguably support the appeal." *Id.* at 744; *see also Campusano*, 442 F.3d at 774.

petitioner's motion to vacate. *Mena*, 2004 WL 2734454, at \*2. After opining that the petitioner was entitled to habeas intervention, the *Mena* court determined that the "interests of justice suggest that [the Court] vacate Mena's judgment ... and enter a new judgment as of today, with the identical sentence, from which petitioner may timely appeal." *Mena*, 2004 WL 2734454, at \*4; *see also Hazoury v. United States*, No. 3:07-CV-923, 2008 WL 691699, at \*3-4 (D.Ct. Mar. 12, 2008) (granting in part § 2255 application by vacating judgment in criminal case and re-entering identical judgment thereby affording petitioner opportunity to file a notice of appeal).

This Court finds the approach followed by the courts in *Mena* and *Hazoury* to be both fair and sensible regarding the manner in which to proceed with the present action. Therefore, because the uncontested evidence before the Court in this proceeding suggests that Betts's counsel ignored a request by petitioner to timely file an appeal in the criminal matter below, this Court directs that the March 26, 2008 Amended Judgment in the related criminal action be vacated, and that a new judgment be entered in such case as of today. The new criminal judgment shall contain the identical sentence and other conditions reflected in the December, 2004 Judgment, as amended on March 26, 2008, from which petitioner may now timely appeal. Betts has ten days from the date of the entry of the new criminal judgment within which to file a notice of appeal in the related criminal action. *See* Fed. R.App. P. 4(b).

The Court declines to address the substance of the other claims asserted by Betts in his Motion to Vacate because his application, which was filed before the final judgment was entered in the criminal matter, is improperly filed. *E.g.*, *Mena*, 2004 WL 2734454, at \*4; *Hazoury*, 2008 WL 691699, at \*4.

**WHEREFORE**, it is hereby

**ORDERED** that Betts' Motion to Vacate is **GRANTED IN PART**. For the reasons stated above, the December 1, 2004 judgment in 03-CR-0243 (Dkt. No. 505), as amended on March 26, 2008 (03-CR-0243, Dkt. No. 767), is hereby **VACATED**, and it is further

**ORDERED** that a new criminal judgment be entered in 03-CR-0243 forthwith which contains the identical sentence and other conditions reflected in the prior judgments issued in that action, and it is further

**ORDERED** that the remaining grounds asserted by Betts in the present civil action are **DISMISSED WITHOUT PREJUDICE** as premature, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties by regular or electronic mail.

**IT IS SO ORDERED**

Date: May 22, 2008

Norman A. Mordue
Chief United States District Court Judge